UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-10066-CIV-ALTMAN

**ADAM BRUCE BOUNDS**,

    *Plaintiff*,

*v.*

**16th JUDICIAL CIRCUIT
COURT OF FLORIDA**, *et al.*,

    *Defendants*.
_____/

## ORDER

The Plaintiff, Adam Bruce Bounds—a *pro se* pretrial detainee—has filed a Complaint under 42 U.S.C. § 1983 against several governmental entities and one governmental employee. *See generally* Complaint [ECF No. 1]. Because Bounds hasn't paid the filing fee, we've screened his Complaint under 28 U.S.C. § 1915A and now **DISMISS** it for failing to state a claim.

### THE LAW

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." § 1915A (emphasis added). The term "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused of [or] convicted of . . . violations of criminal law." § 1915A(c). In screening a prisoner's complaint, the Court must "dismiss the complaint[ ] or any portion of the complaint" when it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this

standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient (standing alone) to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

## ANALYSIS

Bounds says that the "Fish and Wildlife Conservation [Commission]" (the "FWCC") boarded his boat with an "arrest warrant" that had been "signed by Judge Wilson." Complaint at 4. And, he adds, whatever evidence was gathered from his vessel was then "used to file charges" against him. *Id.* Bounds then abruptly pivots to a description of a gunshot wound on his wrist, which—he speculates—is consistent with having his hands "raised" while being shot. *Id.* He also disputes someone's "unsupported claim" that he (Bounds) held "a six gallon gas container in [his] right hand and was pouring gasoline on [himself] threatening to blow the place up." *Id.* According to Bounds, these events "supposedly [gave] *them* grounds to shoot [him] and charge [him] with aggravated assault on law enforcement." *Id.* (emphasis added). Bounds insists that an unnamed official (or maybe multiple officials) shot him four times—"once in [his] right wrist and 3 times in the stomach." *Id.* at 8. These events, which took place on October 15, 2019, followed a call from Bounds to the internal affairs department of the FWCC. *Id.* In that call, Bounds complained that certain (unnamed) FWCC officials were harassing him about his "house boat." *Id.* Bounds identifies the "16th Judicial Circuit," "Judge Mark Wilson," "Capt. David Dipre," the "Fish and Wildlife Conservation," and "the Monroe County Sheriff's Office" as Defendants in this case. *Id.* at 1, 4.

Bounds has failed to raise a plausible inference that any of these Defendants is liable. Take, for instance, his allegations against "Capt. David Dipre," which consist of—well—nothing at all. Indeed, although "Capt. David Dipre" is listed as a Defendant, *see* Complaint at 1, Bounds never identifies what (if anything) he did. "*Pro se* pleadings are held to a less stringent standard than pleadings

drafted by attorneys," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but that leniency "does not give courts license to serve as de facto counsel or to rewrite an otherwise deficient pleading in order to sustain an action," *Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 716 n.3 (11th Cir. 2011). Put differently, *pro se* litigants "cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. . . . [J]udges cannot and must not 'fill in the blanks' for *pro se* litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (C.J., Altonaga) (citation omitted). Since Bounds advances no factual allegations against "Capt. David Dipre," he's failed to state a plausible claim to relief against that Defendant. *See Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) ("Legal conclusions without adequate factual support are entitled to no assumption of truth."); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."); *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Of course, it may be that Dipre was the FWCC official who shot Bounds. But Bounds never says so—and it's not our job to fill in these gaping holes in his Complaint. *See Lomax v. Cap. Rental Agency, Inc.*, 427 F. App'x 713, 714 (11th Cir. 2011) ("Although we show leniency to *pro se* litigants, we will not serve as *de facto* counsel or rewrite an otherwise deficient pleading in order to sustain an action." (cleaned up)).

Nor can Bounds sue Judge Mark Wilson for his involvement in preparing an arrest affidavit, because Judge Wilson is absolutely immune from suit for acts taken in his judicial capacity. *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (explaining that judges are absolutely immune for acts taken in their judicial capacity, "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction"); *Allen v. Florida*, 458 F. App'x 841, 843 (11th Cir. 2012) ("Judges are entitled

3

to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in complete absence of all jurisdiction." (cleaned up)).

Bounds's claim against the "16th Judicial Circuit" fares no better. "Title V of the Florida Constitution, entitled 'Judicial Branch,' provides in § 25.382, 'State Courts System,' that (1) As used in this section, 'state courts system' means all officers, employees, and divisions of the Supreme Court, district courts of appeal, *circuit courts*, and county courts." *Driessen v. 11th Jud. Cir. Ct. ex rel. Dade Cnty., Fla. Juv. Div.*, 522 F. App'x 797, 798 (11th Cir. 2013) (emphasis added). In other words, the 16th Judicial Circuit Court "is part of [Florida's] state court system"—and, as such, "is entitled to sovereign immunity." *Id.*; *cf. Wayne v. Fla. Dep't of Corr.*, 157 F. Supp. 3d 1202, 1205 (S.D. Fla. 2016) (explaining that sovereign immunity might not apply "if the plaintiff seeks prospective injunctive relief to end continuing violations of federal law," provided that the plaintiff seeks "declaratory and injunctive relief against state officers in their official capacities," not "against the States and their agencies," because claims against state agencies "are barred regardless of the relief sought" (cleaned up)). Bounds, in short, cannot pursue a claim against the "16th Judicial Circuit," because this Court lacks subject-matter jurisdiction over that claim. *See Kaimowitz v. The Fl. Bar*, No. 88-835-CIV (M.D. Fla. Jan 13, 1992) ("The Eleventh Amendment prohibits actions against state courts . . . ."), *aff'd* 996 F.2d 1151 (11th Cir. 1993); *see also Seaborn v. Fla. Dep't of Corr.*, 143 F.3d 1405, 1407 (11th Cir. 1998) ("An assertion of Eleventh Amendment immunity essentially challenges a court's subject matter jurisdiction: The Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations placed on federal jurisdiction." (cleaned up)).

Any claim against the "Fish and Wildlife Conservation" fails for similar reasons. The FWCC is an arm of the State of Florida. *See generally* FLA. CONST. art. IV, § 9 ("There shall be a fish and wildlife conservation commission . . . exercis[ing] the regulatory and executive powers of the state with respect to wild animal life and fresh water aquatic life."). And, since the Eleventh Amendment bars suits

4

against state agencies, we have no subject-matter jurisdiction to review Bounds's claim against the FWCC. *See Page v. Hicks*, 773 F. App'x 514, 518 (11th Cir. 2019) ("[S]uits against the States and their agencies are barred regardless of the relief sought . . . . Because the Board is an 'arm of the state' itself—and not an individual officer—Page's request for injunctive relief against the Board fails too." (cleaned up)).

Lastly, Bounds's claim against the Monroe County Sheriff's Office fails because that entity likewise cannot be sued. "Whether a party has the capacity to be sued is determined by the law of the state in which the district court sits." *Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 700 (11th Cir. 2013). "Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued," so Bounds cannot bring a claim against the Monroe County Sheriff's Office here. *Id.* at 701.

***

Because Bounds has failed to state a claim against any of the Defendants, his Complaint must be dismissed.[1]

### RIGHT TO AMEND

And we won't give Bounds a chance to amend. Of course, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action *with prejudice*." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (emphasis added), *overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002). But our dismissal is *without* prejudice. It's true—of course—that, if a

---

[1] Bounds hasn't described the unnamed officials who shot him, *see generally* Complaint, so any cause of action against *those* officials is similarly dismissed, *see Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) ("As a general matter, fictitious-party pleading is not permitted in federal court. We have created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage." (cleaned up)).

dismissal without prejudice "has the effect of precluding [a litigant] from refiling his claim due to the running of the statute of limitations[,] the dismissal is tantamount to a dismissal with prejudice." *Justice v. United States*, 6 F.3d 1474, 1481 n.15 (11th Cir. 1993) (cleaned up). Accordingly, before dismissing a *pro se* prisoner's case without prejudice, we must satisfy ourselves that the dismissal won't preclude the prisoner from refiling his claims "due to the running of the statute of limitations." We're comfortable saying that this dismissal will not prejudice Bounds in that way here.

"Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." *City of Hialeah v. Rojas*, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002). "[T]he statute of limitations for a civil rights action begins to run from the date that the cause of action accrues, which occurs when 'the plaintiff has a complete and present cause of action' and 'can file suit and obtain relief.'" *Villalona v. Holiday Inn Express & Suites*, 824 F. App'x 942, 942 (11th Cir. 2020) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). A "cause of action will not accrue until the plaintiff knows or should know (1) that he has suffered an injury that forms the basis of his action and (2) the identity of the person or entity that inflicted the injury." *Id.*

Bounds says that the events he describes in his Complaint occurred on October 15, 2019. *See* Complaint at 8. Since Bounds thus has *more than two years* to file an adequate (amended) complaint, *this* dismissal won't prejudice his right to refile his claims within the statutory window.

\*\*\*

Having carefully reviewed the Complaint, the record, and the governing law, the Court hereby **ORDERS and ADJUDGES** that the Complaint [ECF No. 1] is **DISMISSED without prejudice**. Any pending motions are **DENIED** as moot. All deadlines are **TERMINATED**. And the Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 27th day of July 2021.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Adam Bruce Bounds
16MN1011236
Monroe County Jail
Inmate Mail/Parcels
5501 College Road
Key West, FL 33040
PRO SE